## Case No. 13,963.

THOMPSON et al. v. KING.

[5 Cranch, C. C. 93.] 1

Circuit Court, District of Columbia. November· Term, 1836.2

INSOLVENCY — GENERAL CREDITOR — DEFICIENCY FROM SALE UNDER LIEN.

A decree that one has a specific lien on a lot, for the amount expended in improving it, under an expectation of obtaining a title, authorizes him to come upon the insolvent estate of the owner of the lot as a general creditor, for the balance of the money thus expended, after crediting the proceeds of the sale of the lot.

·The bill in equity in this case was filed in 1826, by Josiah Thompson and his wife, against the heirs of George King, to obtain the conveyance of a house and lot in Georgetown, in execution of an agreement between Thompson and G. King, in the lifetime of the latter; or that the cost of the improvements made by Thompson, in expectation of obtaining the title, should be decreed to be a specific lien on the lot, George King having died insolvent.

This court (CRANCH, Chief Judge, contra), in April, 1832, decreed a conveyance to Thompson [Case No. 13,962], which decree was reversed by the supreme court of the United States in 1835 (9 Pet. [34 U. S.] 204), "with instructions to this court to order the property to be sold," "and the proceeds first to be applied to the payment of the money expended by the complainant in making improvements on the property, and the balance, if any, to be paid over for the benefit of the creditors of the estate of King." Mr. Justice McLean, in delivering the opinion of the court, said, "and if the terms of the contract were established so that the court could decree a specific execution of it, they would pronounce such a decree. But as a specific performance cannot be decreed, the inquiry remains, whether the complainant has a lien on the property for the money he expended in improving it." Again, he said, "If the money has been judiciously expended under such circumstances as to entitle the complainant to a lien, the court must give effect to it. It is an equitable mortgage, and, in a court of chancery, is as binding on the parties, as if a mortgage in form had been duly executed." "It would be most unjust to leave the complainant, as a creditor, to receive a dividend on the distribution of the estate of King." "Indeed, there can be no doubt that the complainant considered the property as his own; and it was so treated by George King, for he collected the rents as the agent of the complainant, and accounted to him for them." The property was sold under the decree of the court, but did not produce sufficient to pay the amount expended by Thompson in improvements, and his counsel, R. S. Coxe now

1 [Reported by Hon. William Cranch, Chief Judge.]

2 [Reversed in 13 Pet. (38 U. S.) 128.]

contended that he was entitled to come in as a general creditor of the estate of George King for the balance.

C. Cox, contra, contended that it was not a debt due by George King in his lifetime; and if it was, it is barred by the statute of limitations.

R. S. Coxe, in reply, as to the limitation, contended that the debt. if it be one, was established by the decree of the supreme court, and cannot now be controverted.

CRANCH. Chief Judge, was of opinion that Thompson could not now come in as a general creditor of King's estate for the balance.

MORSELL, Circuit Judge, contra.

THRUSTON, Circuit Judge, being absent, the case was continued to the next term, when upon further argument by the same counsel,

THE COURT (CRANCH, Chief Judge, contra), stopped R. S. Coxe in reply, and decided that Thompson could come in as a general creditor, upon the assets of George King's estate, for the difference between the amount of sales of the house and lot, and the amount of the value of Thompson's improvements as found by the auditor.

Reversed by the supreme court of the United States, 23d February, 1839. 13 Pet. [38 U. S.] 128.

———————

THOMPSON (KING v.). See Case No. 7,807.